DENNIS, Justice,
concurring.
I respectfully concur. While it is true that this court has the discretion to accept an attorney’s resignation in lieu of taking disciplinary action, I believe that unusually mitigating circumstances must exist before we allow an attorney to do so at the penultimate stage of a disciplinary proceeding in order to avoid the stigma of disbarment. Although I agree that this is an unusual case in which our discretion is properly exercised in accepting the respondent’s resignation, I regret that the majority opinion does not fully explain our reasons for doing so. I believe that this court owes a duty to the bar and the public, whom we are *1208 charged with the responsibility of protecting from the unethical practices of members of the profession, to clearly and thoroughly state the exceptional circumstances which justify the exercise of our discretion in such a case.
The respondent, a native of Cuba, was forced to leave that country after the overthrow of the Batista government and the assumption of power by Castro. When the respondent came to this country in 1960, his English was very poor. Although he had received a degree of Doctor of Civil Laws in Cuba, he was hampered by his lack of familiarity with our language. After attending school for several years in this country, he was successful in becoming proficient enough in the English language to earn three degrees, including a law degree, and to obtain a teaching job at Southern University. At the hearing before the Commissioner, a colleague of the respondent testified that he is a highly regarded scholar. The Commissioner found that respondent has a serious alcohol abuse problem which affected his health and his conduct in the practice of law. The respondent has no prior disciplinary record.
In oral argument, respondent expressed remorse, admitted that he should not have attempted to practice law, and stated that he will not practice law again. However, he stated that he is fearful that disbarment would cause him to lose his teaching job and therefore his only means of livelihood.
Essentially, I concur in the result of the majority opinion, because, given the mitigating circumstances, I believe that respondent’s resignation, coupled with the condition that he may not be readmitted within five years, affords the public substantial protection without subjecting him to the risk of loss of the only employment for which he seems particularly suited, given his physical condition, education and ethnic background.
Additionally, I believe that in a case such as this, the court should require the respondent to admit in writing the charges contained in • the disciplinary action, furnish evidence that he has made or is making restitution to his clients, and agree to relinquish his right to seek reinstatement to the bar, except for purposes other than the active practice of law. The court and the Committee on Professional Responsibility may consider making these requirements, however, when the respondent petitions for readmission.